**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JIMILIE M. DUVAL,**

                    **Plaintiff,**                    6:13-cv-495
                                                                       (GLS/ESH)

                    v.

**CAROLYN COLVIN,** Acting
Commission of the Social
Security Administration,

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Iaconis Law Firm<br>501 Genesee Street<br>Chittenango, NY 13037 | CHRISTOPHER D. THORPE,<br>ESQ. |
| **FOR THE DEFENDANT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>Syracuse, NY 13261<br><br>Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | ELIZABETH D. ROTHSTEIN<br>Special Assistant U.S. Attorney |

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Jimilie M. Duval challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed April 4, 2014, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed. (Dkt. No. 13.) Pending are Duval's objections to the R&R. (Dkt. No. 16.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[1]

On February 10 and March 9, 2010, Duval filed applications for SSI and DIB, respectively, under the Social Security Act. (Tr.[2] at 62-63, 145-52.) After her applications were denied, Duval requested a hearing before an Administrative Law Judge (ALJ), which was held on April 25, 2011. (*Id.* at 26-60, 64-69, 73.) On June 9, 2011, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's

---

[1] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 10, 11, 13; *see also* Admin. Tr., Dkt. No. 6.)

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 6.)

denial of review. (*Id.* at 1-4, 10-25.)

Duval commenced the present action by filing a complaint on April 30, 2013, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* Dkt. No. 13.)

### III. **Standard of Review**

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate

3

judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. **Discussion**

In the R&R, Magistrate Judge Hines found that: (1) any error in failing to amend the alleged onset date was, at most, harmless; (2) the ALJ fully developed the record, and was not required to obtain a consultative intelligence examination; (3) the ALJ did not err in weighing the medical opinions of record; (4) the ALJ's assessment of Duval's subjective testimony was conducted under the correct legal standard and was supported by substantial evidence; and (5) substantial evidence supports the ALJ's decision. (Dkt. No. 13 at 5-25.) In objecting to the R&R, Duval has repeated many of the same arguments raised before Judge Hines in her motion for judgment on the pleadings. (*See generally* Dkt. Nos. 10, 16.) In particular, Duval objects to Judge Hines': (1) "error in determining [Duval's] attempt to amend the application to the appropriate onset date"; (2) conclusion that the record does not suggest any mental limitations requiring a consultative intelligence examination; (3) conclusion that the ALJ properly considered all favorable and unfavorable evidence; (4) application of the regulatory factors and case law in evaluating the weight

4

given to the medical opinions of record and the ALJ's credibility determination; and (5) application of the law of the Second Circuit in evaluating whether the ALJ's decision was supported by substantial evidence. (Dkt. No. 16 at 2-16.) As the substance of Duval's arguments with respect to the development of the record through consultative examination, and the existence of substantial evidence in support of the ALJ's decision was previously raised in her brief and considered and rejected by Judge Hines, (Dkt. No. 10 at 3-6, 17-18; Dkt. No. 13 at 8-10, 25), these "objections," are general and do not warrant *de novo* review.[3] *See Almonte*, 2006 WL 149049 at *4. However, Duval's arguments with

---

[3] To the extent that Duval's argument regarding the need for a consultative intelligence examination can be construed as a claim that Duval meets the requirements of listing 12.05(c), (Dkt. No. 16 at 5-6), the court notes that this issue was not raised before Judge Hines in Duval's motion for judgment on the pleadings. (Dkt. No. 10 at 17-18.) Generally, arguments may not be raised for the first time in objections to a magistrate judge's report. *See Lewyckyj v. Colvin*, No. 3:13-cv-126, 2014 WL 3534551, at *2 (N.D.N.Y. July 17, 2014); *Rosello v. Barnhart*, 02 Civ. 4629, 2004 WL 2366177, at *3 (S.D.N.Y. Oct. 20, 2004); *Abu-Nassar v. Elders Futures. Inc.*, 88 Civ. 7906, 1994 WL 445638, at *5 n.2 (S.D.N.Y. Aug. 17, 1994). As such, the court finds Duval's argument with respect to listing 12.05(c) waived. In any event, as Judge Hines pointed out, the record does not support Duval's contention that an intelligence examination was necessary for an informed decision. (Dkt. No. 13 at 9); *see Hall ex rel. M.M. v. Astrue*, No. 11-CV-6317T, 2012 WL 2120613, at *4 (W.D.N.Y. June 11, 2012) ("A consultative examination is unnecessary if the record contains sufficient information on which to base the decision."). To that end, the record does not support the argument that Duval possessed "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" prior to age twenty-two, as required under listing 12.05(c). 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05(C); *see id.* § 12.00(A). Specifically, Duval received her GED and attended some college and vocational training, her treating psychiatrist opined that she does not have a low IQ or reduced intellectual functioning, and a consulting examiner opined that she is capable of understanding and following simple instructions and carrying out simple and some complex tasks. (Tr. at 30, 194, 224, 355, 435.)

5

respect to the amended onset date, the weight afforded to the medical opinions of record, and the ALJ's credibility determination contain specific legal objections to Judge Hines' conclusions, and the court will review these objections to the R&R *de novo*.

## A. Amended Onset Date

First, Duval argues that, due to a scrivener's error in her brief before Judge Hines, the court should reject Judge Hines' recommendation that there was no substantive error in the ALJ's failure to amend the alleged onset date. (Dkt. No. 16 at 2-3.) Duval's applications for SSI and DIB alleged the onset of disability on October 8, 2007. (Tr. at 145, 149.) Thereafter, in a "pre-hearing" memorandum, Duval's counsel indicated his intent to amend the alleged onset date to February 11, 2009 at the administrative hearing. (*Id.* at 229.) Judge Hines noted in his decision that the onset date that Duval actually advocates as being correct is unclear, as she has, at various times, suggested four alternative dates—February 11, 2009, February 19, 2009, March 8, 2010, and October 8, 2010. (Dkt. No. 13 at 6.) However, Duval now contends that the reference to an onset date of October 8, 2010 in her brief before Judge Hines was inadvertent. (Dkt. No. 16 at 2; Dkt. No. 10 at 23.) In any event, Judge Hines' conclusion

remains persuasive. In particular, Duval failed to move to amend the alleged onset date at the administrative hearing, her counsel failed to object to the admission of medical records pertaining to years prior to 2010, and, moreover, the ALJ received and considered evidence relating to the entire period from October 8, 2007 through the date of his decision. (Dkt. No. 13 at 7-8.) Thus, had Duval presented convincing evidence of disability commencing at any time during this period, the ALJ would have been obliged to grant her application and determine a more precise onset date. (*Id.* at 8.) Duval's objection to Judge Hines' decision posits no error in this reasoning. (Dkt. No. 16 at 2-3.) Accordingly, the court adopts the portion of the R&R regarding the disability onset date.

B. **Weighing Opinion Evidence**

Next, Duval contends that Judge Hines "replicates the errors of the ALJ" in evaluating the weight given to the medical opinions of record. (Dkt. No. 16 at 9-13.) Specifically, Duval claims that Judge Hines erred in concluding that she had not advocated for greater weight to be given to treating psychiatrist Raslaan Nizar due, in part, to his expertise as a specialist in the field of psychiatry. (*Id.* at 9-10.) Further, Duval argues the Judge Hines "erroneously asserts that the ALJ's rationale behind the

7

weight afforded to Dr. Nizar's decision was based on a relevant reason in the regulations, 'i.e. no supporting evidence.'" (*Id.*) In addition, Duval contends that non-examining psychological consultant L. Blackwell did not deserve controlling weight because he did not examine Duval and did not review nearly ten months of records that were submitted after he rendered his opinion. (*Id.* at 11.) Finally, Duval argues that the opinion of consulting examiner Jeanne Shapiro did not incorporate the clinical findings of her examination, nor did it provide an explanation for determining that Duval's allegations were not fully credible, despite the fact that Dr. Shapiro accepted at face value Duval's claims regarding her daily activities. (*Id.* at 13.) For the following reasons, the court adopts Judge's Hines decision with respect to weighing medical opinions.

As Judge Hines explained, where it is clear that an ALJ properly applied section 404.1527(c) and 416.927(c), the ALJ does not err in failing to methodically discuss each individual factor under the regulations. (Dkt. No. 13 at 17-18); *see* SSR 06-03p, 71 Fed. Reg. 45,593, 45,596 (Aug. 9, 2006) ("Not every factor for weighing opinion evidence will apply in every case."). Here, the ALJ discounted Dr. Nizar's opinion because it was not supported by findings on examination and was inconsistent with Duval's

8

activities of daily living, as well as the opinions of Drs. Shapiro and Blackwell. (Tr. at 18-19.) The ALJ specifically cited Duval's treatment notes indicating that her symptoms improved on medication. (*Id.* at 18-19, 380, 413, 414.) Indeed, mental status examination results recorded in the treatment notes cited by the ALJ are largely benign, as was the examination conducted by Dr. Shapiro. (*Id.* at 354-55, 410, 415.) Further, although not discussed by the ALJ, Judge Hines accurately pointed out that the other factors under the regulations do not support giving more weight to the opinion of Dr. Nizar. (Dkt. No. 13 at 18 n.21.) In particular, although he, like Drs. Shapiro and Blackwell, is a mental health specialist, Dr. Nizar only saw Duval on two occasions. *See* 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). Finally, Duval appears to allege that her answers to Dr. Shapiro regarding her daily activities were not truthful or accurate. (Dkt. No. 16 at 13; Tr. at 355.) However, this argument does not bolster Duval's claims for disability, or her arguments that the ALJ should have accepted her testimony as convincing proof of her functional limitations. (Dkt. No. 16 at 7-8); *see* SSR 96-7p, 61 Fed. Reg. 34,483, 34,486 ("One strong indication of the credibility of an individual's statements is their consistency[, thus, the ALJ] must compare statements made by the

individual in connection with . . . her claim for disability benefits with statements . . . she made under other circumstances . . . . Especially important are statements made to treating or examining medical sources.").

## C. <u>Credibility Determination</u>

Duval also objects to Judge Hines' recommendation that the ALJ's credibility determination was supported by substantial evidence. (Dkt. No. 16 at 6-9, 13-15.) Duval contends that the ALJ selectively chose evidence in the record that supports his conclusion and failed to mention evidence highly supportive of her allegations (*Id.* at 6-9.) Further, Duval asserts that the ALJ failed to provide specific reasons for his credibility determination, and merely cited the applicable regulations. (*Id.* at 13-15.) The court concurs with Judge Hines that Duval's argument in this respect is meritless. (Dkt. No. 13 at 19-24.)

Notably, "[f]ailure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record." *Judelsohn v. Astrue*, No. 11-CV-388S, 2012 WL 2401587, at *6 (W.D.N.Y. June 25, 2012) (internal quotation marks and citation omitted); *see Oliphant v. Astrue*, No. 11-CV-

10

2431, 2012 WL 3541820, at *22 (E.D.N.Y. Aug. 14, 2012).  Further, "whether there is substantial evidence supporting the [claimant]'s view is not the question," instead, the court must "decide whether substantial evidence supports *the ALJ's decision.*"  *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d. Cir. 2013).  As noted by Judge Hines, the ALJ properly considered Duval's activities of daily living, the effectiveness of her treatment, including medication, the objective medical evidence, and the opinion evidence.  (Tr. at 16-19; Dkt. No. 13 at 23-24.)  Thus, although Duval points to other evidence which she asserts indicates disabling mental limitations,[4] as the ALJ clearly considered Duval's complaints, and sufficiently explained his credibility determination, which is supported by the record, the court finds no error.  (Tr. at 17-18); *see Bonet*, 523 F. App'x at 59.

---

[4] Duval points to her own testimony that she had to take her GED exam twice, has difficulty managing money, can cook only simple foods, and has gotten lost taking public transportation.  (Dkt. No. 16 at 7-8.)  The court notes that Dr. Nizar opined that Duval had a "very good" ability to remember work like procedures, understand, remember, and carry out detailed instructions, maintain attention for two hour segments, make simple work-related decisions, perform at a consistent pace, ask for assistance, and set realistic goals or make plans independently of others.  (Tr. at 434-35.)  Further, Dr. Nizar opined that Duval had a "satisfactory" ability to use public transportation and respond appropriately to changes in a routine work setting.  (*Id.*)  Additionally, according to Dr. Shapiro, Duval maintained the ability to understand and follow simple instructions, perform simple and some complex tasks with supervision and independently, maintain attention and concentration, and learn some new tasks.  (*Id.* at 355.)

### D. Remaining Findings and Conclusions

Having addressed Duval's specific objections *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

### V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' April 4, 2014 Report and Recommendation (Dkt. No. 13) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Duval's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 16, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court